Charles L. MURPHY, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 91–56507.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 1993 *.

Decided May 4, 1993.

---

Charles L. Murphy, pro se.

Gary R. Allen, Chief, Appellate Section Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

Darwin Thomas, Tax Div., Office of the U.S. Atty., Los Angeles, CA, for defendant-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th

Cir.R. 34–4 and Fed.R.App.P. 34(a).

Before: WALLACE, Chief Judge, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Charles. L. Murphy appeals the district court's summary judgment in his action challenging the constitutionality of 26 U.S.C. § 1256. Murphy contends that Congress exceeded its authority by taxing "unrealized" gains. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

During 1987, Murphy was an investor in commodity futures contracts. The parties stipulated and the district court found that all of his contracts "had been purchased on, and were regularly traded on, a national securities exchange registered with the Securities Exchange Commission or a board of trade designated as a contract market by the Commodity Futures Trading Commission." All were held in marked-to-market accounts.

At the end of the 1987 tax year, the fair market value of Murphy's futures contracts had increased by $20,645. Pursuant to 26 U.S.C. § 1256, Murphy reported that amount on his 1987 tax return as taxable gain. The corresponding tax owed was $4,372, which Murphy paid under protest. Murphy then filed a claim for refund, which was denied. Ultimately, he filed this refund action in the district court in which he claimed that section 1256 was unconstitutional because it taxed unrealized gain.

The government and Murphy filed cross-motions for summary judgment based upon a joint stipulation of facts. The district court granted the government's motion for summary judgment and concluded that section 1256 was constitutional. The district court then denied Murphy's motion for reconsideration, and Murphy timely appealed.

## STANDARD OF REVIEW

"The constitutionality of a statute is a question of law. We therefore review the district courts' rulings de novo." *Seattle Audubon Soc'y v. Robertson*, 914 F.2d 1311, 1314 (9th Cir.1990). The granting of summary judgment is reviewed de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Viewing the evidence in the light most favorable to the opposing party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir. 1989).

## DISCUSSION

The Sixteenth Amendment provides:

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

"The power of Congress in levying taxes is very wide, and where a classification is made of taxpayers that is reasonable, and not merely arbitrary and capricious, the Fifth Amendment can not apply." *Barclay & Co. v. Edwards*, 267 U.S. 442, 450, 45 S.Ct. 348, 349, 69 L.Ed. 703 (1924) (challenge to tax on foreign corporations); *Chiles v. United States*, 843 F.2d 367, 371 (9th Cir.1988) (challenge to federal estate tax fails—neither arbitrary nor confiscatory).

"Commodity futures contracts are executory contracts representing a commitment to deliver or receive a specified quantity and grade of a commodity during a specified future month at a designated price." *Dial v. Commissioner*, 968 F.2d 898, 899 (9th Cir. 1992) (quoting *Moody v. Commissioner*, 49 T.C.M. (CCH) 514, 515, 1985 WL 14654 (1985)). Under a marked-to-market system of accounting, "each trader's equity or 'cash' position in his futures contracts on an exchange is measured at the end of each trading day based on the net unrealized gain or loss on each open futures contract." 4 *Mertens Law of Federal Income Taxation* § 21A.02, at 10 (Martin M. Weinstein & Gary J. Stern eds., 1986). The trader has the right to withdraw cash from or is obligated to

pay cash into his futures trading account on a daily basis. "[T]he trader receives any gain on the position in cash as a matter of right each trading day." S.Rep. No. 144, 97th Cong., 1st Sess. 156 (1981), *reprinted in* 1981 U.S.C.C.A.N. 105, 255. All regulated United States domestic futures contracts follow the marked-to-market accounting system. That characteristic makes those contracts different from other capital assets.

Because of the timing aspect of futures contracts, traders were able to defer tax on short-term capital gain and to convert short-term capital gain realized in the first year into preferentially taxed long-term capital gain in a later year. *Id.* at 155–56, 1981 U.S.C.C.A.N. at 254–255. In addition, traders holding futures contracts were entitled to withdraw their gains at the close of every day under the marked-to-market system. *Id.* at 157, 1981 U.S.C.C.A.N. at 256. Thus, Congress enacted 26 U.S.C. § 1256, which provides, in part:

> (a)(1) [E]ach section 1256 contract held by the taxpayer at the close of the taxable year shall be treated as sold for its fair market value on the last business day of such taxable year (and any gain or loss shall be taken into account for the taxable year) ...
>
>      \*   ·   \*    \*    \*    \*    \*
>
> (b) For purposes of this section, the term "section 1256 contract" means—
>
> (1) any regulated futures contract.

The section does, as the Senate Report indicates, have the effect of ending the "use of futures for tax-avoidance purposes." S.Rep. No. 144, 97th Cong., 1st Sess. 156 (1981), 1981 U.S.C.C.A.N. 255. The section also tends to "establish an accurate method of determining a taxpayer's futures income (or loss), and ease tax administration and paperwork." *Id.* Murphy argues, however, that section 1256 is unconstitutional because it taxes unrealized gains. We disagree.

Section 1256 is premised on the doctrine of constructive receipt because the taxpayer who trades futures contracts receives profits as matter of right daily. *Id.* at 157, 1981 U.S.C.C.A.N. at 256. Under this doctrine, "[i]ncome although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is ... made available so that he may draw upon it at any time...." Treas.Reg. § 1.451–2(a) (as amended in 1979). For example, "[d]ividends on corporate stock are constructively received when unqualifiedly made subject to the demand of the shareholder." Treas.Reg. § 1.451–2(b). Similarly, "[t]he power to dispose of income is the equivalent of ownership of it. The exercise of that power to procure the payment of income to another is the enjoyment, and hence the realization, of the income by him who exercises it." *Helvering v. Horst,* 311 U.S. 112, 118, 61 S.Ct. 144, 147–48, 85 L.Ed. 75 (1940).

Although Murphy did not sell his futures contracts, his gains could be treated as realized because he was entitled to withdraw those gains daily. There were no restrictions, and his failure to receive cash was entirely due to his own volition. *See id.; cf. Baxter v. Commissioner,* 816 F.2d 493, 495 (9th Cir.1987) (taxpayer did not constructively receive income in tax year, even though check was dated December 30, where taxpayer's control of receipt was subject to substantial restrictions). Murphy's failure to withdraw his gains immediately was little different from a failure to withdraw interest which has been credited to a bank account. Absent substantial limitations, the interest is taxable, whether withdrawn or not. *See* Treas.Reg. 1.451–2(b). So, too, with Murphy's commodity gains. Of course, today's gain could be eliminated by tomorrow's loss, but that would not change the fact that today's gain *was* available today. That the investment remains at risk is inconsequential; so do loaned or deposited funds.

## CONCLUSION

Because of the unique accounting method governing futures contracts, the gains inherent in them are properly treated as constructively received. Congress acted well within its authority when it decided to treat them differently from other capital assets. Thus, section 1256 is neither arbitrary, capricious, nor confiscatory and is a proper exercise of Congress' constitutional power to tax. *See Chiles,* 843 F.2d at 371. We need not, and

do not, decide the broader issue of whether Congress *could* tax the gains inherent in capital assets prior to realization or constructive receipt. *Cf. United States v. James,* 333 F.2d 748, 753 (9th Cir.) (en banc) (concept of income is flexible), *cert. denied,* 379 U.S. 932, 85 S.Ct. 331, 13 L.Ed.2d 343 (1964).

AFFIRMED.