T.C. Summary Opinion 2004-68


UNITED STATES TAX COURT


ELMO B. AND DONNA L. NUNNEMAKER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19314-02S.            Filed May 20, 2004.


Elmo B. and Donna L. Nunnemaker, pro sese.[1]

Julie L. Payne and Catherine Campbell for respondent.


    ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in

---

    [1]  At trial, Patrick D. Costello of the University of Idaho
College of Law Tax Clinic entered an appearance on behalf of
petitioners.  Mr. Costello filed a posttrial brief on behalf of
petitioners, but petitioners filed a motion to withdraw it and to
submit their own posttrial brief, which motion was granted by the
Court.  On May 3, 2004, petitioners filed a Motion For Withdrawal
of Counsel, which motion was granted by the Court.

effect at the time that the petition was filed.[2]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $949 for the taxable year 2000.

After petitioners' concessions,[3] the sole issue for decision is whether $7,834[4] of interest income credited to petitioners' bank accounts in 2000 constitutes gross income in that year.[5]  We hold that it does.

Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, petitioners resided in Dayton, Washington.

During the year in issue, petitioners maintained a savings

---

[2]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2000, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Petitioners concede respondent's determinations increasing their taxable dividends and increasing their taxable pension and annuity benefits.

[4]  All amounts are rounded to the nearest dollar.

[5]  In the notice of deficiency, respondent determined that petitioners failed to report $8,910 of interest income.  The parties stipulated, however, that the amount of interest income in dispute is $7,834.

account at Washington Mutual Bank (Washington Mutual).

Petitioners received monthly statements from Washington Mutual

showing that interest earnings were credited to their savings

account. Petitioners received from Washington Mutual a Form

1099-INT, Interest Income, reporting that their savings account

earned a total of $304 in interest during 2000. Petitioners

could withdraw funds from their savings account, including

interest earnings, without any restrictions. Petitioners,

however, did not withdraw any of the interest credited to this

account.

Petitioners also maintained several certificates of deposit

at Banner Bank (CD accounts) during the year in issue.

Petitioners received monthly statements from Banner Bank showing

that interest was credited to their respective CD accounts.

Collectively, petitioners' CD accounts earned a total of $7,530

in interest during 2000.[6] Petitioners could withdraw the

interest on demand, but there may have been a penalty for early

---

[6] In the notice of deficiency, the entry for Banner Bank
listed that petitioners' "Account No. 20-411068-13" earned $8,606
in interest. The parties stipulated, however, that petitioners'
CD accounts, collectively, were credited with a total of $7,530
in interest and that Account No. 20-411068-13 was credited with
only $771 in interest. The record does not explain why the
notice of deficiency lists only Account No. 20-411068-13, but
this appears to be a source of petitioners' acrimony towards
respondent. We further note that the bank records in evidence
show that petitioners' CD accounts, collectively, were credited
with $7,545 in interest, which discrepancy is unexplained in the
record.

withdrawal.  Petitioners, however, did not withdraw any of the interest credited to these accounts.

Petitioners timely filed a joint Federal income tax return for 2000 using the cash basis method of accounting.  On their return, petitioners reported only that they received $19 of interest income from Sterling Savings Bank.  Petitioners did not report any interest income from Washington Mutual or from the CD accounts.

In the notice of deficiency, respondent determined that petitioners received unreported interest income from Washington Mutual and from the CD accounts.

Petitioners timely filed a petition with this Court challenging the notice of deficiency.  In the petition, petitioners state: "The interest in question was not paid or received by us."

Discussion[7]

Generally, interest received by or credited to the taxpayer constitutes gross income and is fully taxable.  Sec. 61(a)(4); sec. 1.61-7(a), Income Tax Regs.  An item of gross income shall be included in income in the taxable year when received by the taxpayer unless under the taxpayer's method of accounting the

_____

[7]  The facts are not in dispute, and the issue is essentially one of law.  Therefore, sec. 7491, concerning burden of proof, has no bearing on this case.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

amount is to be properly accounted for in a different period. Sec. 451(a). For a taxpayer using the cash receipts and disbursement method of accounting, an item is includable in gross income when it is actually or constructively received. Sec. 1.451-1(a), Income Tax Regs. Income although not actually reduced to a taxpayer's possession is constructively received in the taxable year during which it is credited to the taxpayer's account, set apart for him, or otherwise made available so that he may draw upon it at any time. Sec. 1.451-2(a), Income Tax Regs. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. Sec. 1.451-2(a), Income Tax Regs. Generally, interest credited on savings bank deposits is income in the taxable year when credited. Sec. 1.451-2(b), Income Tax Regs.

Petitioners argue that no part of the interest credited to their accounts is taxable to them in 2000 because they did not actually receive the interest in hand, and they did not withdraw any of the interest earned. Petitioners further argue that they do not have control of the interest because the bank has sole access to the interest until petitioners actually receive the interest in hand or check. Petitioners' arguments are without merit.

It is well-settled law that interest credited to a taxpayer's bank account, which is available to the taxpayer upon demand without any restrictions, constitutes gross income in the year such interest is credited to the taxpayer's account. Petitioners stipulated that the interest at issue was credited to their respective accounts and that they could have withdrawn the interest upon demand without restriction. Sec. 62(a)(9); cf. Kelley v. Commissioner, T.C. Memo. 1991-324 (a taxpayer's claim that funds in a certificate of deposit were not available until the date of maturity failed because the funds were available for a fee--a penalty for early withdrawal), affd. 988 F.2d 1218 (11th Cir. 1993). The fact that petitioners did not withdraw any of the interest was entirely due to their own volition. See Murphy v. United States, 992 F.2d 929, 931 (9th Cir. 1993) (The taxpayer's "failure to withdraw his gains immediately was little different from a failure to withdraw interest which has been credited to a bank account. Absent substantial limitations, the interest is taxable, whether withdrawn or not."). Thus, it is not relevant that petitioners did not have actual receipt of the interest in hand because it is sufficient that they had constructive receipt of it.

In view of the foregoing, we sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue, petitioners' concessions, and the parties' stipulation,

<u>Decision will be entered under Rule 155</u>.